**STATE ex MARZLUF, Plaintiff v. BEIGHTLER, Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 3217. Decided July 19, 1940.

Thomas J. Herbert, attorney general, Columbus, and Aubrey A. Wendt, asst. attorney general, Columbus, for appellant. Shocknessy, Dento & Chamblin, Columbus, for appellee.

## OPINION

BY THE COURT:

This cause is before us upon appeal from an order of the Court of Common Pleas made in this case on the 13th day of February, 1940.

The action had its inception in a petition filed by the relator wherein it is recited in substance that Marzluf was employed by the Department of Highways as Machine Operator, Grade II-B, on September 15, 1935, after taking the non-competitive examination for provisional appointment; that the commission approved his appointment as provisional machine

operator, grade II-B on September 15, 1935, and until January 31, 1939, he was continuously employed as such operator and his name certified as having been appointed in pursuance of the Civil Service Statutes; that at no time between said dates has there been an eligible list for said position; that on January 25, 1939, he received a communication from respondent notifying him that his services would be terminated, effective February 1, 1939; that at no time has any reason been furnished for his removal as machine operator, grade II-B; that he was summarily removed and wrongfully deprived of his appointment; that another has been appointed to the position occupied by relator and has been performing the same duties as did the relator; that said appointee was not appointed from the eligible list.

Relator prays that a writ of mandamus issue commanding the respondent to reinstate him to his position as machine operator, grade II-B at the salary stated. To this petition an answer is filed by the respondent, the first defense of which is a denial that the relator was appointed to a position in the classified civil service and denies all allegations not specifically admitted. The second defense relates to alleged laches which it is alleged barred any right to the relief sought. The reply was a general denial.

By an entry of January 10, 1940, the petition was amended at bar by substituting the words, "machine operator, grade I-C" for the designation used in the petition, machine operator, grade II-B. By said entry of January 10, 1940, the court finds for the relator and holds that he is entitled to a peremptory mandamus ordering the respondent to reinstate and restore him to his employment as machine operator, grade I-C in the Department of Highways at a salary of $100.00. A peremptory writ was ordered.

On February 5, 1940, the respondent not having complied with the order of the court, the relator filed contempt charges against the respondent, the director was required to appear and show cause why he should not be punished for contempt. On February 13, 1940, the director purged himself of contempt and by an entry of that day the court ordered that the prayer of the petition be amended to conform to the order of the court and that a writ of mandamus issue to the director to reinstate relator to the former position occupied by him as machine operator, grade I-C and being the position which is now and which has been held and occupied since February 1,

1939, by Donald Murphy, and to perform the duties heretofore performed by Donald Murphy since February 1, 1939, and which were prior thereto performed by the relator, the same being described in the entry. It is further ordered that an alias peremptory writ issue.

On February 14, 1940, the respondent gave notice of appeal to this court from the judgment rendered on the 13th day of February, 1940, and the case was thereby lodged in this court.

Before we can correctly determine the issues made in this matter, we must carefully examine the entries made in the Court of Common Pleas.

The entry of January 10, 1940, is to the effect that the cause came on to be heard upon the application of the relator to amend the petition to conform to the facts as stipulated to substitute the words "Machine Operator Grade I-C" for the words "Machine Operator. Grade II-B." The Court finds the motion well taken and orders the petition to be so amended. The cause coming on further to be heard upon the petition, answer and reply, stipulation of counsel and the evidnce the Court finds, on the issues for the relator, Charles J. Marzluf, and that he is entitled to a peremptory writ of mandamus ordering the respondent, the Director of Highways, to reinstate him to his position of employment as "Machine Operator Grade I-C" at the stipulated salary with all the prerogatives belonging thereto; that a peremptory writ issue commanding the respondent to restore relator to his position as Machine Operator Grade I-C etc.

On February 5, 1940, the entry is to the effect that the relator having filed written charges again respondent alleging the disobedience of the respondent of the order directing him to reinstate relator, a rule is issued directing him to appear on the 9th of February to show cause why he should not be punished for contempt.

By an entry of February 13, 1940, the Court finds that the respondent has purged himself of contempt for his alleged disobedience and the rule allowed is discharged.

On February 13, 1940, by a separate entry it appears that the cause coming on for further hearing, the Court decrees that the prayer of the petition of the relator be amended to conform to the order of the Court to ask further that a writ of mandamus issue to the Director to restore the relator to his former position occupied in the classified civil service as Machine Operator Grade I-C. It is further ordered that an alias peremptory writ issue commanding the Director to restore and

reinstate relator in the position occupied since February 1, 1939, by Murphy at the salary stipulated.

As before stated, the appeal was from the judgment rendered by the Court on the 13th day of February, 1940.

A bill of exceptions was allowed, which is not very helpful in presenting the controversy, being made up mostly of immaterial matter, but with some pertinent testimony by the relator and by the Director of Highways.

The respondent-appellant submits assignments of errors which he alleges are apparent in the record, bill of exceptions, proceedings and final order entered on the 13th of February, 1940, by the Court of Common Pleas, being substantially as follows:

(1) The Court erred in hearing and considering evidence relative to matters and events that occurred subsequent to the issuance of the original peremptory writ.

(2) The court erred in granting the relator-appellee leave to amend his petition after judgment.

(3) The Court erred in directing an alias peremptory writ of mandamus.

(4) The Court erred in considering matters other than contempt charges.

(5) Other errors.

The appellant prays that the order and judgment of the Common Pleas Court made on the 13th of February, 1940, ordering the alias peremptory writ be revised and reversed.

We must start with the premise that the trial court had absolute control over its judgments within term.

"In other words, a nunc pro tunc entry is an available remedy where a court has acted and its action has not been correctly recorded."

**Ohio Jurisprudence, Vol. 23 (Judgments), Page 676, §251.**
Also see cases cited under Note 17.

"It may be used so as to prevent the record from showing that to have occurred which did not occur."

**Ohio Jurisprudence, Vol. 23, (Judgments), Section 251.** Also see Note 18.

"The power of a court to vacate or modify its judgment during term is inherent and plenary."

**Wybel v Shaeffer, 11 Oh Ap 461; Syl. 1.**

In the instant case the trial court having modified its judgment within term, it becomes immaterial what influence the evidence taken in the contempt hearing may have prompted the court in taking its action.

The right to modify being inherent and plenary, we need not inquire into the mechanics.

The evidence taken in the contempt proceeding may or may not have had controlling effect. The fact that the trial court made the order changing the journal entry following the disposition of the contempt case, is merely a coincidence. As to whether or not the trial court was warranted in changing the journal entry as it did, could only be determined by having before us the transcript of the evidence taken in the original hearing. Not having such evidence, we must assume that the trial court was acting properly when he made the change in the entry during term.

It may be true that the trial court did not have the right to order and permit the change in the prayer of the original petition. This would be harmless error, since in any event the prayer is no part of the petition.

The original entry was definite enough to warrant the construction as prescribed through the so-called clarified entry of February 13. The query arises as to whether or not the entry of February 13 or the entry of January 10 was the final order from which an appeal might be taken.

On this question the controlling law seems to be fairly well determined. In instances where no entry was journalized immediately following the decision, the court at a subsequent date may put on a nunc pro tunc entry as of the date of the disposition of the case. Under such a situation the time for filing appeal or prosecuting error will date from the time that the entry was actually journalized, although for other purposes it may be effective from the nunc pro tunc date.

"The court cannot, by entering a nunc pro tunc order, defeat the right to take error proceedings; the time for taking the error proceeding will be computed from the date of the actual entry of the order or judgment." 2 O. Jur., §300, page 348 (Appeal and Error).

When, following the Court's opinion, an entry is received and journalized, and at a subsequent date, but within term, the court vacates or modifies its earlier entry, a different rule prevails.

"While this court will not permit a nunc pro tunc entry to so operate as to deprive a litigant of the right to appeal or prosecute error, on the other hand it will not allow a nunc pro tunc entry to so operate as to extend the period within which appeal or error proceedings may be prosecuted, unless additional rights are created or existing rights denied by such nunc pro tunc entry, or unless the appeal or error proceeding grows out of such nunc pro tunc entry, as distinguished from the original order or entry." **The Perfection Stove Co. v Scherer et, 120 Oh St 445;** pages 448 and 449.

From the information at hand it is very doubtful if the entry of February 13, modifying the entry of January 10, was of such a character as to have constituted a final order.

However, even if it be conceded that it is a final order, we cannot give consideration to the bill of exceptions which presents the evidence taken in the contempt proceeding, only, in determining the correctness or incorrectness of the trial court's judgment.

This can only be done by having before us the evidence upon which the court predicated its judgment of January 10, modified and corrected on February 13.

Under our theory of the case we have no alternative but to affirm the judgment of the trial court, and we so determine.

Entry may be prepared accordingly. Costs will be adjudged against the appellant.

HORNBECK, P. J., GEIGER and BARNES, JJ., concur.