**GARDELL, Plaintiff-Appellant, v. CINCINNATI STREET RAILWAY CO., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7062.    Decided April 4, 1949.

8

J. G. Williams, Cincinnati, for plaintiff-appellant.
Leo J. Brumleve, Cincinnati, for defendant-appellee.

## OPINION

By HILDEBRANT, J.:

Plaintiff was injured in a collision between the automobile in which she was seated and one of defendant's street cars. On trial, on the question of damages alone the jury returned a verdict for plaintiff, upon which a judgment was pro forma entered.

On defendant's motion for new trial, duly filed, the following entry, entitled "Entry Setting Aside Judgment and Ordering New Trial" was journalized:—

"This cause coming on to be heard upon the defendant's motion for new trial and the plaintiff's motion for reconsideration of decision on motion for new trial, was argued by counsel and submitted to the Court, who, being fully advised in the premises, finds that the statements of counsel for the defendant in his argument and the statements of counsel for the plaintiff in his closing argument 'were improper and prejudicial and are of such a nature as to prevent a fair and impartial trial', by reason of all of which the court hereby sets aside the judgment heretofore rendered herein and orders a new trial.

"To all of which the plaintiff excepts."

This is the order appealed from to this Court. Defendant

has moved to dismiss the appeal as not being predicated upon a final order.

By judicial construction of the Amended Constitution of 1912, Section 6, Art. IV, defining the jurisdiction of the Courts of Appeals, the term "Judgments" was held to comprehend all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of the parties affected thereby. **Chandler & Taylor v. Southern Pac. Co., 104 Oh St, 188.** In the second paragraph of the syllabus it is stated:

"An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless. the court abuses its discretion in making it."

The Appellate Procedure Act, §12223-27 GC, in providing for the exercise of the Appellate jurisdiction in law appeals refers to judgments and final orders, so that both by judicial and legislative construction, not only judgments in the technical sense, but final orders also are reviewable on appeal.

Effective 8/23/37 the legislature amended §12223-2 GC, by providing that vacating or setting aside a general verdict of a jury and ordering a new trial was a final order. **Hoffman, et al. v. Knollman, et al., 135 Oh St, 170,** held the amendment unconstitutional, and stated in the 2nd and 3rd paragraphs of the syllabus:

"An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order.

"The jurisdiction of the Court of Appeals is conferred by **Section 6, Article IV of the Constitution,** and cannot be enlarged or curtailed by legislative action."

The present amended §12223-2 GC, passed after the Constitutional Amendment of November 7th, 1944, effective January 1, 1945, became effective on September 30, 1947. The petition herein was filed October 15, 1946, so that §12223-2 GC, in its present form has no application to this case. **Von Gunten v. New Justice Coal Co., 147 Oh St, 511.**

In **Steiner v. Custer, 137 Oh St, 448,** it is stated in the first and second paragraphs of the syllabus:

"The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing.

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

It thus clearly appears that under the Constitution as amended in 1912, in the absence of an abuse of discretion, the granting of a motion for new trial is not an appealable order.

The Constitution as amended November 7, 1944, effective January 1, 1945, now provides:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the court of appeals within the district, * * *. All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed; provided, that all cases, actions, or proceedings pending before or in any board, commission, officer, tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law."

It is contended that since the legislature may now by law provide the jurisdiction of the Court that the statutes now in force, §12223-2 GC, defining a final order, and §12223-27 GC, providing for appeal on questions of law of a judgment or final order, and §12223-3 GC, making every final order reviewable, as later provided, somehow make the order here reviewable as a final order.

It has been pointed out hereinbefore that §12223-2 GC, as amended, effective September 30, 1947, does not apply in this case, and that the law under the statute in its earlier form was fixed in **Hoffman, et al. v. Knollman, et al., 135 Oh St, 170, supra.**

In **Youngstown M. Ry. Co. v. Youngstown, 147 Oh St, 221,** it is stated in the syllabus:

"1. **Section 6 of Article IV of the Constitution of Ohio,** as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Court of Appeals.

"2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

The Court has not overlooked the query which occurs as to the effect of the amended statutory definition of a new trial, §11575 GC, and the changed character of the motion as being addressed to the vacation of a judgment as set forth in §11578 GC. This Court has expressed its views on that query in **McAtee v. Western & Southern Life Ins. Co., 82 Oh Ap, 131,** to which reference is hereby made.

Nevertheless, the object of the motion remains the same, viz., to secure a retrial free from prejudicial error, and the fact that a pro forma judgment, tentatively entered, is set aside is incidental to the object of the motion, and, on its being granted, the order does not in effect determine the action and prevent the judgment, since, on retrial, the same result, for ought that is known, may obtain.

Attention is also directed to the language of §12223-2 GC, in effect at the time of the adoption of the 1944 Amendment of **Article IV, Section 6 of the Ohio Constitution,** and representing the conception of the bench and bar at that time as to the definition of a final order, to-wit:—An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment. This Court adheres to the view taken by it in **Ryan v. Kroger G. & B. Co., 56 Oh Ap, 469,** wherein it is stated in syllabus 1:—

"A judgment or final order from which an appeal may be taken to the Court of Appeals is one that divests some right in such a manner as to place it beyond the power of the court making it to place the parties in their original position after the expiration of the term at which it is made."

From an examination of the record, this Court finds no abuse of discretion on the part of the trial court in granting a new trial.

The appeal is, therefore, dismissed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion, & judgment.