## CASEY, Plaintiff-Appellant, v. OHIO STATE NURSES ASSOCIATION, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4618. Decided November 5, 1951.

Smith, Earhart & Robertson, Forrest F. Smith, of Counsel, Columbus, for plaintiff-appellant.

Benoy & Sebastian, G. W. Fais, of Counsel, Columbus, Fred A. Dewey, Cincinnati, for defendants-appellees, Ellen Briggs, Louise Flynn and Rena Gazaway.

(NICHOLS, J, of the Seventh District, sitting by assignment.)

## OPINION

By NICHOLS, J.

Dorothy Ellen Casey brought her action in the Common Pleas Court of Franklin County, Ohio, against The Ohio State Nurses Association, a corporation, alleging in her petition that she is and for twenty years past has been a member in good standing of the defendant association, and seeking a declaratory judgment of the Court "of the validity of the processes whereby the Regulations and Bylaws of the defendant association were purportedly amended in the year 1919 and thereafter," and (2) "that the Court find and determine the right of individual members to propose motions, resolutions and other matters of business in annual and special meetings of the defendant association and to vote on such motions, resolutions and proposals," other than the election of officers.

A third prayer for relief was made in the petition by way of injunction against the officers of the association from calling "a meeting of purported delegates to the adjourned annual meeting of the association," but such relief was not granted because the officers abandoned the calling of that meeting.

To the petition of plaintiff the defendant association de-

murred on the ground of insufficient facts to constitute a cause of action. Such demurrer was overruled by the court because such demurrer admitted the allegation of the petition that it was the unbroken interpretation and practice from 1919 to 1950 to permit delegates and only delegates to vote for the election of officers and trustees and to nominate candidates for appointment as members of the State Nurses Board, and further admitted that during that period it was the uniform interpretation and practice to permit individual members to take part in all other matters coming before all annual and special meetings, the court saying that "long established practice and usage may affect an amendment of regulations and bylaws or even their enactment."

Such demurrer being overruled and defendant association not desiring to plead further, a declaratory judgment was entered by the court on November 18, 1950. At the same term of the Court of Common Pleas two motions were filed on behalf of Ellen Briggs, Louise Flynn and Rena Gazaway, members of the defendant association, the first of which moved the court for an order vacating and setting aside its judgment of November 18, 1950, and the other moved the court to allow them to intervene as parties defendant to the action with leave to answer, memorandum being filed in support of such motions and affidavits and counteraffidavits were filed and considered by the court.

At the same term of court both motions were sustained, the judgment of November 18, 1950, being vacated and set aside and Ellen Briggs, Louise Flynn and Rena Gazaway were permitted to intervene as defendants and ordered to file their answer, such answer being filed within the time fixed by the court.

From such last mentioned orders the plaintiff, Dorothy Ellen Casey, has appealed to this Court of Appeals on questions of law, claiming an abuse of discretion by the trial court in making such orders. There has been no motion to dismiss the appeal, but the appellees deny the claim of abuse of discretion and assert no such abuse is shown.

There can be no doubt of the right of the trial court, in the absence of an abuse of discretion, to vacate its judgment during term and thereafter permit persons having an interest in the controversy to become parties defendant, not as mere friends of the court, but in their own behalf, with consent to file their answer.

In the settled state of the law of Ohio it seems superfluous to enter upon a discussion of this jurisdictional question and we are content to cite:

Moherman v. Nickels, 140 Oh St 450, 45 N. E. (2d) 405, 143 A. L. R. 1174, in which many cases are cited by Judge Hart in the opinion; 23 O. Jur. 1117, Sec. 959.

This court has followed the established procedure in the cases of:

State, ex rel. Marzluf v. Beightler, 40 Abs 325, and Modern Roofing & Siding Co. v. Boring, 55 Abs 488.

Counsel for appellant are well informed as to the power of the court to vacate its judgment during term, and clearly recognized that only in the event of "abuse of discretion" is such order a final appealable one. In appellant's brief counsel have cited Chandler & Taylor Co. v. Southern Pacific, 104 Oh St 188, and have quoted from 2 O. Jur. (Part 1), Sec. 110, at page 223, and 2 O. Jur. (Part 2), Sec. 619, at pages 1109 and 1110, where is found the following statement of the law:

"The rule is firmly established in Ohio that the control of a reviewing court over the discretion of a lower court in vacating or modifying its judgments during term time is limited to cases where an abuse of discretion is clearly shown; in this connection it has been pointed out that no language, however strong, will take away the right of review where there is shown an abuse of discretion. If a court during term time is only limited by 'abuse of discretion' in granting a motion to vacate a judgment, it must follow that in refusing to grant such a motion, the court is only controlled by sound discretion. This discretionary power is continued where the motion is made at the same term but continued until the next term. * * *"

The quoted language is particularly applicable to this case because the motions made during term time were continued to and decided the next term, an entry being approved and filed with the court wherein it was agreed that the hearings on such motions and rulings thereon shall be of the same effect as if held and rulings made during term.

In the absence of a clear showing to the contrary it must be presumed that the trial court exercised its sound discretion in acting upon such motions. The only assignments of error upon this appeal are that the court abused its discretion in vacating its former judgment during term time and in permitting Ellen Briggs, Louise Flynn and Rena Gazaway to intervene and file answers.

As we gather from the briefs and argument of counsel for appellant, the asserted abuse of discretion arises upon the claim that the judgment rendered November 18, 1950, (which was later vacated) protected not only the rights of the plaintiff but of the intervening defendants as well, and therefore

no rights of such intervenors had been adversely affected by the original judgment and **no reason** existed for the subsequent rulings of the court.

But an examination and comparison of the allegations of the petition with those of the answer filed by intervenors clearly dispels such claim. As stated above, the petitioner sought to have the court declare that individual members of the association had the right to propose motions, resolutions and other matters of business in annual and special meetings of the association and to vote thereon, save and except the election of officers, basing her contention upon a showing that previously for a long number of years such privileges had been accorded to individual members, whereas the intervenors claim in their answer that the bylaws of the association prescribe for the election of delegates from the various branches of the association, who alone are empowered to vote at the conventions of the association upon all matters coming before the conventions, including the election of officers, pointing out that the duties performed by members of the nursing profession require their continuous presence at their places of duty, thus preventing them from attending such conventions, the bylaws thus preserving their rights by the system of choosing, at their places of duty, representatives to vote for them at the conventions, and thus preventing a minority of the individual members who may have opportunity to attend from dominating the proceedings of the convention and nullifying the action of the delegates for whom they had the privilege of voting.

It is noted that the action brought by Dorothy Ellen Casey does not purport to be instituted by her in her own behalf and as representing all other members of the association, but even had her action been attempted to be so instituted in a representative capacity, other members of the association clearly had the right to dispute the claims made in her petition, and not having been made parties to the action the intervenors embraced the opportunity to protect for themselves the rights which they claim in their answer.

There has been shown no abuse of discretion upon the part of the trial court in sustaining such motions. There has been no final adjudication in the Common Pleas Court of the claims of the respective parties, hence it is not proper for this Court of Appeals at this stage to undertake a decision upon the merits of their claims.

We have searched the record for anything which might be construed as an abuse of discretion upon the part of the trial

court in sustaining the motions made by Ellen Briggs, Louise Flynn and Rena Gazaway and have found nothing to that effect and it follows that the court did not err as a matter of law in so doing.

If it were incumbent upon appellees to show the sound discretion and good faith of the Common Pleas Court in granting such motions, it could be found in the decision rendered by that court wherein it is stated by Judge Harter in his opinion, as follows:

"We feel quite strongly that parties directly interested by litigation such as this declaratory judgment action should be entitled to a 'day in court,' either in this trial court or in the Court of Appeals. To have that right to a 'day in court' summarily cut off by allowing a ruling on a demurrer to become a final order and then not appealing from that order, strikes us as a bit harsh. We are, therefore, of the opinion that both motions now being considered should be sustained.

"In making this ruling, we want it distinctly understood that we are expressing no opinion as to the soundness of Judge Bryant's decision on the legal questions then confronting him. On the contrary, we feel that whatever judge considers this case next on its merits and after the intervening defendants have filed their pleadings should be free to make whatever decision on the merits as he may deem proper. After such decision is rendered, an appeal may or may not be taken."

The record discloses no unreasonable, arbitrary or unconscionable attitude on the part of the trial court.

The judgment of the Common Pleas Court is affirmed, all members of this Court concurring.

HORNBECK, PJ, MILLER, J, concur.