## NATIONAL EQUITY DISCOUNT AND LOAN COMPANY, Plaintiff-Appellant, v. SPENCER et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5941. Decided July 22, 1958.

Wonnell & Zingarelli, A. R. Zingarelli, of Counsel, Columbus, for plaintiff-appellant.

Mayer & Leshy, Bernard E. Kanter, of Counsel, Columbus, for defendants-appellees.

### OPINION

By BRYANT, J.

The National Equity Discount and Loan Company, plaintiff-appellant herein, referred to hereafter as the Loan Company, on November 20, 1957 took cognovit judgment in the Columbus Municipal Court in the amount of $289.44 with interest and costs against Amos and Ocilla Spencer, defendants-appellees herein. Proceedings to garnishee the wages of Amos Spencer were begun on November 29, 1957 and again on January 6, 1958.

On February 7, 1958 the Spencers moved to vacate the said judgment for the reason that: "(1) Said cause is now pending in the Common Pleas Court Franklin County, Ohio being case number 199567, and that both the herein plaintiff and defendants are parties to said action."

In support of the said motion, an affidavit of Bernard E. Kanter, attorney for the Spencers, was filed. It alleged the pendency of a suit, involving the same parties and question, in the Franklin County Common Pleas Court. The later suit was filed twenty-six days prior to the beginning of the cognovit judgment proceedings in the Columbus Municipal Court. The said affidavit alleges in part:

"* * * that on the 25th day of October, 1957 the herein defendants filed a petition in the Common Pleas Court of Franklin County, Ohio against the herein plaintiff for an action on the note upon which this judgment is based. Affiant further says that the herein action was filed on the 20th day of November, 1957 in this Court, and since the Common Pleas Court of Franklin County, Ohio and this Court have had concurrent jurisdiction over this matter, and the action in the Common Pleas Court was commenced prior to this action, this Court has no right to adjudicate in this matter."

Among the papers included in the transcript from the Columbus Municipal Court there appears a carbon copy of a petition in two pages. According to the petition, plaintiffs in the Common Pleas Court suit are Amos Spencer and Ocilla Spencer, the defendants in the said Municipal Court action. One of the defendants in the said Common Pleas Court action is the National Equity Discount and Loan Company, the plaintiff in the said Municipal Court action. The other defendant in the Common Pleas Court action is the Universal Knitwear, Inc.

In the bill of exceptions in the case now before the court there appears the statement of counsel that service was obtained upon the Loan Company in the Common Pleas Court action on October 31, 1957, just six days after the petition was filed and twenty days before the filing of the said cognovit proceedings in the said municipal court.

The said Common Pleas Court petition alleges the sale by said Universal Knitwear, Inc. to the Spencers of a sewing machine for $375.95. It also alleges the execution of a contract to pay the full purchase price. In addition, it alleges an agreement by said Universal Knitwear, Inc. to furnish to the Spencers unfinished knitwear which was to be finished by the Spencers upon said sewing machine and re-purchased by said Universal Knitwear, Inc. at twice the amount paid by the Spencers.

The petition then alleges the ability and willingness of the Spencers to perform but that the Universal Knitwear, Inc. "has fraudulently failed to perform." The petition alleges knowledge of the falsity of the representations aforesaid on the part of said Universal Knitwear, Inc., the execution of a cognovit note to said Universal Knitwear, Inc. and the purchase of said note by the Loan Company "with notice of the above-mentioned fraud and without giving value for such instrument."

The prayer of said petition is as follows:

"WHEREFORE, plaintiffs pray that the cognovit note heretofore entered into between the plaintiffs and the defendant, Universal Knit-

wear Inc., be rescinded and that they return to the plaintiffs the sum of $30.95; and that the defendant, National Equity Discount & Loan Corp. return to the plaintiffs the sum of $51.48 and cost of suit. Plaintiffs say that on the payment of said amounts that they will reconvey said sewing machine."

On February 17, 1958 the aforesaid motion to vacate was argued and on March 24, 1958 the motion to vacate was sustained. It will be noted that a period of seventy-nine days had elapsed between the rendition of the cognovit judgment on November 20, 1957 and the filing of the motion to vacate said judgment on February 7, 1958.

This is pertinent for the reason that under the provisions of §1901.29 R. C. "ninety days following judgment shall be considered within term," in municipal courts. Hence, we conclude that the motion to vacate was filed within term.

On April 10, 1958 the Loan Company gave notice of appeal of this court "on questions of law, from the judgment and final order rendered in this action on the 24th day of March, 1958."

On June 20, 1958, the Spencers moved to dismiss the appeal "for the reason that this appeal is not from a final order." The said motion was accompanied by a memorandum in support thereof and with proof of service of the copy of both the motion and memorandum upon opposing counsel.

The question, therefore, is whether the sustaining of the motion to vacate the judgment under the circumstances herein above set forth amounts to a final order which will permit an appeal to this court. We have examined the bill of exceptions in this case in an effort to ascertain the views of counsel for the Loan Company, who appears not to have filed a brief in opposition to the said motion to dismiss.

It is our conclusion that unless the granting of the motion to vacate amounts to an abuse of discretion, it does not constitute a final order and hence, may not be appealed. We further conclude that under the circumstances herein above set forth there was no abuse of discretion upon the part of the trial court.

The Spencers had initiated an action in the Common Pleas Court alleging fraud in the inducement and asking for rescission of the very note here involved and return of money paid by them. They had obtained service of summons in the said Common Pleas Court case upon the Loan Company twenty days prior to the beginning of the cognovit judgment proceedings.

Under the circumstances we feel that the Spencers, under the allegations of their petition, prima facie at least, made a showing of a good defense to the suit upon the cognovit note sufficient to warrant vacation of the cognovit judgment.

See Columbus Discount & Loan Corp. v. Burton et al., case No. 5911, opinion rendered by the Tenth District Court of Appeals, Petree, P J., on May 20, 1958, and the cases and authorities therein cited. See 3 O. Jur. (2d), page 764, Appellate Review, Section 791, which provides in part as follows:

"The control of a reviewing court over the discretion of a lower court in vacating or modifying its judgments or orders during term time is limited to cases where an abuse of discretion is clearly shown. Accordingly a reviewing court will not reverse the judgment of a trial court overruling a motion filed during term to vacate and set aside a default judgment, in the absence of a showing of an abuse of discretion."

See also 4 O. Jur. (2d), page 518, Appellate Review, Section 1166, where it is said:

"As has been stated, the courts have discretionary power to vacate or modify orders or judgments during the term at which they were rendered and their rulings upon motions to vacate or modify made within that time afford ground for reversal only when they amount to an abuse of discretion or when the order vacating the previous order was erroneously made because of a mistake as to the law rather than in the exercise of discretion."

For the reasons above set forth the motion to dismiss the appeal is well taken and will be sustained, the appeal will be dismissed and the cause remanded to the Columbus Municipal Court.

PETREE, PJ, MILLER, J, concur.