ALL CITY HOME IMPROVEMENT CO., Plaintiff-Appellant,
v. MURRAY et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 6356.   Decided May 3, 1960.

*Mr. John E. Palcich,* for plaintiff-appellant.
*Mr. William F. Brown,* for defendants-appellees.

(GILLEN, P. J., COLLIER and RADCLIFF, JJ., of the Fourth
Appellate District, sitting by designation in the Tenth District.)

For further history see *Omnibus Index* in bound volume.

RADCLIFF, J.   This is an attempted appeal from the granting
of a motion to vacate a default judgment.   The judgment by
default in favor of the appellant and against the appellees was
granted on June 12, 1959.   The motion to vacate the default
judgment was filed by the defendants-appellees on June 15,
1959.

We do not feel that the granting of a motion to vacate a
default judgment and the entering thereof upon the journal
of the Common Pleas Court is a final order from which an appeal
may be taken as defined in Section 2505.02, Revised Code.
It is the personal opinion of the author here that the above
statement pertains regardless of any question of abuse of discretion
on the part of the trial judge.   However, out of my
deep respect for the views of some of the other members of the

Court of Appeals, I will treat the question here involved as if the appeal were being taken from the granting of a motion for a new trial. As we all know such a judgment is not a final order from which an appeal can be taken unless the trial court granting the motion can be shown to have abused his discretion.

It will be necessary to list some of the chronology of this case in the trial court.

5-7-59 Petition filed by appellant.

5-20-59 Appellees filed a demurrer and motion to strike.

6-2-59 Demurrer and motion to strike sustained (not journalized until 1-11-60).

6-3-59 Motion to reconsider above filed by appellant.

6-8-59 Motion to reconsider overruled. (Still not journalized).

6-12-59 Judgment rendered by virtue of default of appellees to answer. Judgment in favor of the appellant.

6-15-59 Motion to vacate judgment filed by appellees.

9-14-59 New term of court.

11-6-59 Hearing on motion to vacate. Motion to vacate dismissed with leave to file a new motion.

11-30-59 Motion to reconsider ruling of 11-6-59 filed by appellees.

12-14-59 Opinion by trial judge granting reconsideration and vacating default judgment rendered on 6-12-59.

12-28-59 Entry on above ruling journalized.

It is necessary for us to include a portion of the proceedings had at the hearing on November 6, 1959, in order to understand what transpired at that time.

"Mr. Brown: If the Court will allow me to amend the motion—I specifically ask the Court that I be entitled to amend my motion.

"Mr. Palcich: I would object to an amendment stated as such. I have no objection if he wants to file a new one or hear it some other time or wants to file a new motion and argue it right now, but I do object to amending something.

"The Court: If he files a motion, isn't he out of term?

"Mr. Palcich: No.

"The Court: Sustain your motion and give him leave to file a new motion to specifically state the irregularities.

"Mr. Brown: To amend within term?

"The Court: Yes, to file an amended motion stating the grounds for the irregularity.

"* * *

"Mr. Brown: To amend motion to vacate and it is sustained.

"The Court: No, I haven't sustained it, I sustained Mr. Palcich's motion and granted you leave to file a motion to set forth your grounds. What I did, I sustained Mr. Palcich's motion to strike your motion, but granted you the right to file a motion to set forth the grounds. Mr. Palcich says that a motion to vacate a judgment, based upon irregularities may be filed at any time and not (being) within term does not invalidate it, I assume (he) is right. Mr. Palcich ought to know. Irregularities, Section 2325.04, Revised Code."

It does not require a very careful reading of the above extract of the Bill of Exceptions to conclude that the trial judge did not in any way abuse his discretion. The motion to vacate the default judgment was filed within term and even though ultimately disposed of in a succeeding term there was no time at which the appellees had lost their right to have an opportunity to have a day in court.

We will not go into any analysis of the myriad cases that construe Section 2505.02, Revised Code, but will cite the landmark cases decided before and after the 1947 amendment beginning with *Higinbotham* v. *Atwater*, 12 Ohio App., 83; *The Continental Trust & Savings Bank Co.*, v. *The Home Fuel & Supply Co.*, 99 Ohio St., 453; *Chandler & Taylor Co.*, v. *Southern Pacific Co.*, 104 Ohio St., 188; *Hoffman et al*, v. *Knollman et al.*, 135 Ohio St., 170; *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St., 1; *Johnson* v. *O'Hara et al.*, 156 Ohio St., 117; *Mele* v. *Mason*, 156 Ohio St., 118; *Lawrence* v. *Moore*, 156 Ohio St., 375; *DeTunno, a minor,* v. *Shull*, 166 Ohio St., 365; *Casey* v. *Ohio State Nurses Association*, 65 Ohio Law Abs., 411; *Gardell* v. *The Cincinnati Street Ry. Co.*, 84 Ohio App., 547; and *Hiboluk* v. *Pozniakow*, 107 Ohio App., 102.

Upon the authority of the above cited cases we hold that, as there is no abuse of discretion shown on the part of the trial judge, the other assignments of error not being well taken, the vacating of the judgment by default does not constitute a final

516

order from which an appeal may be taken and we therefore dismiss the appeal upon our own motion.

Appeal dismissed.

GILLEN, P. J., and COLLIER, J., concur.