JAY F. ZOOK, INC., APPELLANT, v. AMBER BUILDERS, INC., ET AL., APPELLEES.

(No. 71-217—Decided November 23, 1971.)

*Messrs. Folkerth, Calhoun, Webster, Maurer & O'-Brien* and *Mr. R. T. O'Brien*, for appellant.

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. James H. Callard*, for appellees Amber Builders, Inc., Fortune Fund Financial Corporation, Jewel Builders, Inc., Julius J. Cohen and Muriel Cohen.

*Mr. George C. Smith*, prosecuting attorney, for Treasurer of Franklin County, Ohio.

HOLMES, J. The matter immediately before the court is the motion of the defendants, appellees herein, to dismiss this appeal on the basis that there is no final, appealable order.

The facts in brief are that the plaintiff, appellant herein, in conjunction with its action for foreclosure, sought and obtained cognovit judgments against Amber Builders, Inc., and Fortune Fund Financial Corporation.

The cognovit judgments were rendered against defendants by virtue of a warrant of attorney signed by a corporate entity—Ruby Builders, Inc. Defendants asked the trial court for relief from the judgments upon the basis that they had not been a party to the cognovit notes.

After memorandums were presented to the trial court and a hearing held, the court rendered its ruling on the motion and vacated the cognovit judgments. Thereafter,

the trial court refused the plaintiff's request for findings of fact and conclusions of law and entered an order vacating the judgments.

The plaintiff appealed such order of the court, and the defendants filed a motion to dismiss the appeal on the basis that the order of the trial court is not a final appealable order.

We must agree with the defendants that an order sustaining a motion made during term to vacate, set aside, or modify a judgment, is not a final order.

The following is set forth in 2 Ohio Jurisprudence 2d 654, Appellate Review, Section 69:

"In determining whether an order made on a motion to vacate, set aside, or modify a judgment is a final order, the courts have distinguished between an order sustaining such a motion and one overruling it. Moreover, as to an order sustaining such a motion, a distinction has been made between a motion filed during the term at which the judgment was rendered and one filed during a subsequent term."

At 2 Ohio Jurisprudence 2d 654, Appellate Review, Section 70, the following statement appears:

"An order sustaining a motion filed during the term a judgment was rendered to vacate it or to set it aside has not been regarded as a final order unless it is shown that the court abused its discretion in sustaining the motion. * * *"

Unless the granting of a motion made during term to vacate a judgment amounts to an abuse of discretion, it does not constitute a final order, and may not be appealed. Such is the holding where the judgment vacated is that of a cognovit note, *National Equity Discount and Loan Co.* v. *Spencer* (1958), 79 Ohio Law Abs. 172, and where there is a default judgment, *All City Home Improvement Co.* v. *Murray* (1960), 85 Ohio Law Abs. 513.

The motion to dismiss this appeal is therefore sustained.

*Motion sustained.*

TROOP, P. J., and REILLY, J., concur.